UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID RUSSELL,

                              Plaintiff,

                                                                 DECISION AND ORDER

                                                                  09-CV-6641L

                              v.

JADA RAO, MD,
ABBASEY, MD,

                              Defendants.
_____

Plaintiff David Russell filed this *pro se* action under 42 U.S.C. § 1983. Plaintiff, who at the time that he filed the complaint in 2009, was an inmate in the custody of the New York State Department of Correctional Services, alleges that defendants, both of whom at all relevant times were physicians employed by New York State, violated his rights under the Eighth Amendment to the United States Constitution. Although the complaint sets forth four causes of action, all of them are based on the same basic factual premise: that defendants failed to give him adequate medical care.[1]

---

[1] After he filed the complaint in this action, plaintiff was deported to Barbados. In 2012, this Court dismissed the complaint for failure to prosecute, partly on the ground that "it is virtually impossible for [plaintiff] to effectively continue prosecuting this case." *See* Dkt. #45. On appeal, however, the Second Circuit vacated and remanded, finding that this Court had abused its discretion in dismissing for failure to prosecute. 531 Fed.Appx. 175 (2d Cir. 2013). Although plaintiff apparently remains in Barbados, he has continued to prosecute this case, and has responded to defendants' motion for summary judgment.

Defendants have moved for summary judgment. For the reasons that follow, defendants' motion is granted, and the complaint is dismissed.

## DISCUSSION

**I. Eighth Amendment Claims:  General Principles**

The relevant law on claims such as plaintiff's is well settled. In order to demonstrate that medical treatment amounts to "cruel or unusual punishment" prohibited by the Eighth Amendment, a plaintiff must prove that a physician's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "serious medical need" is one which presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). In determining whether a serious medical need exists, the Court examines several factors, including whether the plaintiff had an injury or condition "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lewis v. Zon*, 920 F.Supp.2d 379, 388 (W.D.N.Y. 2013) (quoting *Chance*, 143 F.3d at 702).

In assessing whether a care provider displayed "deliberate indifference," the court's analysis includes both an objective and a subjective prong. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). First, the court must ask whether there has been a sufficiently serious deprivation of the plaintiff's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was effected by defendants in wanton disregard of those rights. *Id.* Thus,

to establish deliberate indifference, a plaintiff must prove that the defendants had a culpable state of mind and intended to inflict pain. *See id.* at 299; *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992).

In addition, mere negligence, or even medical malpractice, is not actionable. *See Estelle*, 429 U.S. at 106. Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703.

**II. Application to this Case**

Applying these principles to the case at bar, I conclude that defendants are entitled to summary judgment. Even giving the complaint and plaintiff's allegations the most generous reasonable construction, he has alleged, at most, no more than negligence on defendants' part, and his own subjective disagreement or dissatisfaction with the treatment he received.

In his response to defendants' motion, plaintiff puts forward the novel argument that a physician who fails to perform adequately is analogous to a product that malfunctions. *See* Dkt. #60 at 3. I find it unnecessary to address that argument, however, since even if I were to accept it as a general proposition, that would not establish plaintiff's claims here.

For the most part, plaintiff simply catalogs his list of medical complaints over the years, in an attempt to show that the treatment he received was inadequate. What the record plainly shows, however, is that plaintiff did receive treatment, albeit not to his liking. Plaintiff goes on at length to attempt to show why his treatment was ineffective, and why defendants should have taken different measures to address his complaints, but the record–which includes plaintiff's medical records, as

well as declarations by defendants, in addition to the documents submitted by plaintiff–indisputably demonstrates that plaintiff received extensive medical treatment during the period in question. As stated, his dissatisfaction or disagreement with that treatment does not give rise to a constitutional claim. *See Perez v. County of Monroe*, 945 F.Supp.2d 413, 415 (W.D.N.Y. 2013) (inmate's mere disagreement over his proper treatment ,"falls far short of the deliberate indifference, entailing a wanton intent to inflict pain, that is necessary to state a claim under the Eighth Amendment for denial of proper medical care").

While plaintiff has also attempted to multiply this one discrete set of facts into four separate causes of action, that attempt fails as well. All four of his claims are simply variations on the same theme, and the same alleged facts: that plaintiff received inadequate care.

I see no basis here for plaintiff's claim based on an alleged delay in treatment. There has been no showing that any delay "reflects deliberate indifference to a serious risk [to plaintiff's] health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that might [have been] alleviated through reasonably prompt treatment." *Lee v. Frederick*, 519 F.Supp.2d 320, 328 (W.D.N.Y. 2007) (internal quotes omitted).

Plaintiff's allegations that defendants' "medical judgment [was] so bad its not medical," and that their actions were part of a "pattern of not giving any medical attention," *see* Dkt. #20-1 at ¶¶ 46, 48, are likewise nothing more than attempts to generate more causes of action than his allegations can sustain. Plaintiff has simply taken the same set of allegations–essentially, that he is unhappy with the treatment he received–and repackaged them as ostensibly separate claims.

In short, there are no genuine issues of material fact in this case, and no basis for an Eighth Amendment claim. Defendants are therefore entitled to summary judgment.[2]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #55) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 6, 2014.

---

[2] The Court's decision in this regard renders it unnecessary for me to address defendants' argument that plaintiff's claims should also be dismissed because his current residence in Barbados (and apparent inability to legally reenter the United States) render it impossible for him to puruse a trial in this matter.

In short, there are no genuine issues of material fact in this case, and no basis for an Eighth Amendment claim. Defendants are therefore entitled to summary judgment.[2]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #55) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 6, 2014.

---

[2] The Court's decision in this regard renders it unnecessary for me to address defendants' argument that plaintiff's claims should also be dismissed because his current residence in Barbados (and apparent inability to legally reenter the United States) render it impossible for him to puruse a trial in this matter.